**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| LEONARD J. KOENICK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-05-1006 |
| CITIBANK (SOUTH DAKOTA), N.A., | * | |
| Defendant. | * | |

\* \* \* \* \*

**MEMORANDUM OPINION**

This action involves a suit brought by Leonard J. Koenick ("Koenick" or "Plaintiff") against Citibank (South Dakota), N.A. ("Citibank" or "Defendant") based on the interest rate increase Citibank applied to Koenick's Citibank MasterCard. Currently pending before the Court is Defendant's Motion to Stay Proceedings in Favor of Arbitration [18]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant Defendant's motion.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken in the light most favorable to the non-movant. In August 1995, Citibank issued Koenick a Citibank MasterCard (the "Card"). The terms and conditions of Koenick's use of the Card was governed by a written cardmember agreement (the "Agreement"). Pursuant to the terms of the Agreement, as amended in Fall 2001, in the event of a dispute, either party (Citibank or the cardmember) may elect to resolve a dispute through mandatory, binding arbitration. Specifically, the arbitration clause provides as follows:

1

> **Agreement to Arbitrate:**
> Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims").

In April 2004, Koenick made a timely payment of $185.00 to the outstanding balance on his Card. This payment was $7.00 short of the requested payment. As a result of this shortfall, Citibank charged Koenick a late fee of $35.00 and increased the interest rate on his Card from 11.990 percent to 27.990 percent.

On April 11, 2005, Plaintiff's Complaint, alleging Maryland state law claims of unconscionability and usury, was removed to this Court on the basis of diversity jurisdiction. On May 19, 2005, Defendant filed the instant Motion to Stay Proceedings in Favor of Arbitration. The motion is ripe for review and the Court will now issue an Opinion.

## II.     FEDERAL ARBITRATION ACT

The Federal Arbitration Act ("FAA") embodies "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 274 (4th Cir. 1997). This strong policy requires courts to "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). In accordance with this mandate, "any doubts concerning the scope of the arbitrable issues should be resolved in favor of arbitration." *Moses*, 460 U.S. at 24-25. Indeed, the FAA " leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Thus, it is well settled that "the party seeking

to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92 (2000).

## III.   ANALYSIS

Defendant argues that the Agreement between itself and Plaintiff mandates that this Court stay the instant proceedings in favor of arbitration. For the following reasons, the Court agrees.

This Court's inquiry into the propriety of compelling arbitration of a dispute is a limited one. The Court must determine: (1) whether the parties entered into a valid arbitration agreement, and (2) whether the dispute at hand falls within the substantive scope of the arbitration agreement. *Lombard Sec. Inc. v. Thomas F. White & Co., Inc.*, 903 F.Supp. 895, 897 (D. Md. 1995).

First, the existence of a valid arbitration agreement is not genuinely in dispute. The Agreement unequivocally provides for binding arbitration, at the request of either party, in the event of a dispute. Plaintiff does not argue that the Agreement was inapplicable to his Card or that he was unaware of the terms of the Agreement. Indeed, the Court notes that Citibank repeatedly and clearly made Plaintiff aware of the existence of the arbitration clause. As such, by the terms of the Agreement, Plaintiff agreed to enter into arbitration in the event of a dispute.

Second, the Court finds that the dispute in this case falls within the substantive scope of the arbitration clause of the Agreement. By its terms, the arbitration provision applies to "any claim, dispute, or controversy between you and us." Again, Plaintiff does not dispute that his claim falls within the scope of this Agreement. As such, the Court finds that arbitration is compelled in this case.

Under the FAA, Congress mandates that a court stay its proceedings pending arbitration where the court finds that an issue before it is arbitrable under the FAA. 9 U.S.C. § 3; *Lombard*, 903 F.Supp.

at 897. However district courts may exercise their discretionary power to dismiss a case where a mandatory arbitration provision governs the dispute. *Lombard*, 903 F.Supp. at 900; *see United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). Indeed, other courts have recognized the "propriety of a dismissal rather than a stay pending arbitration under appropriate circumstances." *Lombard*, 903 F.Supp. at 900; *see Arnold v. Arnold Corp.*, 920 F.2d 1269, 1275-1276 (6th Cir. 1990); *Cherry v. Wertheim Schroder & Co., Inc.*, 868 F.Supp. 830, 836 (D.S.C. 1994). In this case, this Court finds that judicial economy counsels in favor of a dismissal. Moreover, this Court finds that there is nothing in the record to suggest that arbitration per the Agreement would be insufficient, unavailable, or even an unwelcome alternative to Plaintiff as a means of resolving his claims. Accordingly, in the exercise of its discretion, the Court shall dismiss Plaintiff's Complaint.

## IV.  CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion to Stay Proceedings in Favor of Arbitration and DISMISS this case. An Order consistent with this Opinion will follow.


June 7, 2005                                                                    /s/
Date                                                              Alexander Williams, Jr.
                                                                  United States District Court